BREWSTER v. GAGE, Collector of Internal Revenue.

District Court, W. D. New York. December 27, 1927.

1. Wills ⊜⟹721—Legatee's right to property devised is not really vested until it is set off or distributed to him.

While legatee ordinarily may be said to have acquired property devised to him by will, in sense that he has a vested property right therein, such right, being equitable, is not really vested until property is set off or distributed to him.

2. Internal revenue ⊜⟹7(11)—Gain or loss on securities sold by legatee is difference between amount received and their value at time of distribution (Revenue Act 1918, § 213 [Comp. St. § 6336⅛ff]).

Gain or deductible loss on securities sold by legatee thereof, under Revenue Act 1918, § 213 (Comp. St. § 6336⅛ff), should be based on difference between amount received therefor and their value at time of distribution to legatee, not of testator's death or delivery of certificates to legatee, though his equitable right thereto could have been sold or transferred by him, as there must be acquirement by gift, bequest, devise, or descent, which implies absolute ownership and control.

At Law. Action by E. Franklin Brewster against Bert P. Gage, Collector of Internal Revenue. Findings for plaintiff.

Castle & Fitch, of Rochester, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. D. Smith, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

HAZEL, District Judge. This is an action at law to recover illegally assessed taxes amounting to $2,401.90, with interest from February, 1926. The agreed facts show that plaintiff was one of five residuary legatees of his father, who died on May 20, 1918. After probate of the will, the surrogate, on April 19, 1920, ordered distribution to the legatees of certain securities held by the estate, but new certificates of stocks were not delivered until June 29, 1920, because of delay in transferring the same on the books of the companies. In 1920, 1921, and 1922, plaintiff sold certain securities distributed to him, as appears by the stipulation in evidence.

The single question submitted for decision is whether, in determining the profits on the sales for the purpose of taxation, the basis of cost of the securities sold is their appraised value for taxation at the time of his father's death, or at the date of the order of distribution, or when the last certificate of transfer was secured. The income tax was assessed by the Commissioner of Internal Revenue on the basis of the value as appraised as of the death of the testator and the profits realized on sales, while in opposition, plaintiff contends that their value should be established as to the date of the Surrogate's decree of distribution, or the time when he actually acquired them.

[1] I have examined the adjudications to which my attention is drawn by counsel for defendant, but I nevertheless incline to the view that the securities in question were not acquired by plaintiff, within the meaning of section 213 of the Revenue Act of 1918 (Comp. St. § 6336⅛ff), until distributed to plaintiff under the surrogate's decree, and, moreover, that any increased value between the time of the death of his father and the date of distribution should not be included in this income return. While ordinarily the legatee may be said to have acquired property devised to him by will, in the sense that he had a vested property right therein, yet such a right, being equitable, is not really

vested until it is set off or distributed to him. It was so held in the appeal of F. W. Mathiesson, Jr., 2 B. T. A. 921, and also that the tax accrued on the date when the legatees divided the assets by which they assigned to each other certain stocks as their respective shares in the estate. But the Court of Claims affirmed the decision of the Board of Tax Appeals, overruling the contention of Mathiesson that the stock was not acquired until the certificates were transferred on the corporation's books, and decreed that omission in this relation did not affect the title. In Alice Fisher Foster v. Commissioner, 7 B. T. A. 1137, the Board of Tax Appeals again had substantially the same question before it, and the Board adhered to its ruling in the Mathiesson Case.

[2] These decisions are persuasive of their correctness, and, as they involved substantially the same question as here presented, I think it must be held that the basis of the tax is the value of the stock at the time of distribution, and not at the time of the testator's death, or when the certificates were delivered to the plaintiff. It makes no difference that the equitable right could have been sold or transferred by plaintiff, since for ascertainment of the basis of the tax there must have been an acquirement by gift, bequest, devise, or descent of the securities in question, and by that is implied an absolute ownership and control over them. Therefore the gain or deductible loss on the securities sold by plaintiff should be based on the difference between their worth on April 19, 1920, and the amount received for them.

For these reasons I have signed the findings of law presented by plaintiff, without deeming it necessary to specifically dwell upon the various adjudications cited in defendant's brief.